Nicholas J. Bontrager, Esq. (SBN 252114)
Ryan S. Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA  90036
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
rlee@consumerlawcenter.com

Attorneys for Plaintiffs, ROBERT MCGREGOR AND MICHELLE MCGREGOR

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| ROBERT MCGREGOR and MICHELLE MCGREGOR, <br><br> Plaintiffs, <br><br> v. <br><br> NCO FINANCIAL SYSTEMS, INC., <br><br> Defendant. | Case No.: 2:09-cv-00549-FCD-KJM <br><br> **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

**PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ROBERT MCGREGOR and MICHELLE MCGREGOR (Plaintiffs), through their attorneys, KROHN & MOSS, LTD., allege the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

*4.* Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiffs are natural persons residing in Terra Alta, West Virginia.

7. Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiffs.

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiffs seeking and demanding payment for an alleged debt. (See Exhibit A).

12. Defendant places multiple calls to the phone number (301) 876-8125 nearly every day.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

13. Defendant calls Plaintiff, though not exclusively, from the following numbers: (800) 220-1942.

14. Defendant has threatened Plaintiffs that Defendant would "Take you to court" if Plaintiffs did not make immediate payment.

15. Defendant threatened that Plaintiffs would lose their home if they did not make immediate payment.

16. Defendant has communicated with Plaintiff's former employer on more than one occasion in regards to the alleged debt owed.

17. Defendant has failed to inform Plaintiffs in each communication that it is a debt collector.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(3)* of the FDCPA by communicating on more than one occasion with Plaintiff's former employer.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct, threatening Plaintiff's with legal action and home repossession, which the natural consequence is the abuse and harassment of the Plaintiffs.

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    d. Defendant violated *§1692e(4)* of the FDCPA by threatening Plaintiffs with home repossession if no payment is made despite the fact that Defendant never contemplated such action.

    e. Defendant violated *§1692e(5)* of the FDCPA by threatening Plaintiffs with legal

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

       action despite the fact that Defendant never intended to carry out such action.

    f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to inform Plaintiffs that Defendant is a debt collector in all communications as well as making false threats of legal action and home repossession.

    g. Defendant violated *§1692e(11)* of the FDCPA by failing to inform Plaintiffs in each communication that the Defendant is a debt collector.

19. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (See Exhibit "A").

WHEREFORE, Plaintiff, ROBERT MCGREGOR AND MICHELLE MCGREGOR, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, ROBERT MCGREGOR AND MICHELLE MCGREGOR, demands a jury trial in this case.

                          RESPECTFULLY SUBMITTED,

DATED: March 23, 2009           KROHN & MOSS, LTD.

                    By:   /s/Nicholas J. Bontrager
                           Nicholas J. Bontrager
                           Attorney for Plaintiff

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WEST VIRGINIA

Plaintiff, ROBERT MCGREGOR AND MICHELLE MCGREGOR, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ROBERT MCGREGOR AND MICHELLE MCGREGOR, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_2/16/09_
Date

_[signature]_
ROBERT MCGREGOR

_[signature]_
MICHELLE MCGREGOR

# **EXHIBIT A**

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — **YES** NO
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — YES NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: anxiety

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2/16/09

Signed Name: Michelle McGregor

Printed Name: Michelle McGregor